UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT DAVIDSON as personal
representative of the Estate of JOSEPH
DAVIDSON, Deceased, for and on behalf
of the Estate and the survivors thereof,

            Plaintiff,

vs.                                   Case No. 3:13-cv-1460-J-99MMH-MCR

THOMAS DOANE,

            Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On November 26, 2013, Defendant Thomas Doane filed Defendant's Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1; Complaint (Doc. 2; Complaint). In the Notice, Defendant asserts that he "removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441" and that "the District Court has original jurisdiction pursuant to 28 U.S.C. § 1332." Notice at 1-2. However, despite these assertions, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Here, the Notice makes no allegations as to either party's citizenship. In the Notice, Defendant alleges only that he is a resident of Texas, and, with respect to Plaintiff, that "the decedent Joseph Davidson was a resident of Jacksonville, Duval County, Florida." Notice at 2. However, these allegations do not sufficiently establish either party's citizenship for purposes of diversity jurisdiction.[1] Moreover, the underlying Complaint does not include any allegations as to the citizenship of the parties. See Complaint at 1. In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30

---

[1] Although Defendant fails to provide sufficient information, Defendant is correct that Plaintiff's citizenship is based on that of the decedent, Joseph Davidson. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).

F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertions in the Notice as to Plaintiff's and Defendant's residences are insufficient to establish their citizenships for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Defendant an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2] Accordingly, it is

**ORDERED**:

Defendant Thomas Doane shall have until **December 16, 2013**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on December 2, 2013.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

lc11
Copies to:

Counsel of Record
Pro Se Parties